## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. CR-13-54-R |
| | ) |
| DENZEL ARION ROSS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On February 1, 2016, the Court received a letter from Defendant requesting the appointment of counsel for purposes of pursuing a claim premised on the theory that enhancement of his sentence on the basis that he possessed a weapon during the course of a crime, when no violence involving the gun occurred. He states that the Tenth Circuit granted relief to a prisoner named "Juan Butler" on this basis. The Court has reviewed the docket sheets from cases involving Juan Butler in the Tenth Circuit and finds no factual basis to support Petitioner's contention. Mr. Butler's most recent request for leave to file a second or successive petition to challenge his sentencing under the Armed Career Criminal Act was denied because the Tenth Circuit has concluded that *Johnson v. United States*, --- U.S. ---, 135 S.Ct. 2551 (2015), which held the residual clause of the ACCA as set forth in 18 U.S.C. § 924(e)(2)(B) was unconstitutionally vague, was not made retroactive to cases on collateral review. *See In re Butler,* Case No. 15-5087 (10th Cir. Sept. 23, 2015). Accordingly, the Court finds no basis for concluding that Petitioner might be entitled to relief on the basis he asserts. Furthermore, to the extent Petitioner believes his case is similar to Mr. Butler's

unsuccessful request for relief pursuant to *Johnson*, Petitioner was not sentenced under the ACCA or the sentencing guidelines that mirror the Act. *See* U.S.S.G. § 4B1.2(a). Rather, his offense level computation was increased by five points pursuant to 2B3.1(b)(2)(C), and the presentence investigation report, upon which the Court relied, noted that Defendant neither brandished nor used the weapon, the guideline only requiring that he possessed the firearm. Furthermore, the Court recently denied Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255, and the Court is unclear how he anticipates counsel could be of assistance at this juncture. As such, and in light of the above, the Court declines Defendant's request for the appointment of counsel.

    IT IS SO ORDERED this 4th day of February, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE